UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Crosby, Jr. ) | 22 CV 4907 (KMK) |
| ) | |
| Plaintiff ) | |
| ) | |
| -v- ) | AFFIRMATION IN SUPPORT |
| ) | OF ORDER FOR DEFAULT |
| Stew Leonard's of Yonkers, LLC, Stew Leonard's ) | JUDGMENT |
| Of Norwalk, LLC and Stew Leonard Jr., ) | |
| Individually, ) | |
| ) | |
| Defendants ) | |

Karen Mizrahi, Esq. being duly sworn affirms the following:

1. I am a member of this bar and am associated with the firm Hertz Legal, P.C., attorneys for the plaintiff Robert Crosby, Jr. (hereinafter "Plaintiff" or "Crosby") in the above-entitled action. I am fully familiar with the facts set forth , and I submit this Affirmation in support of Plaintiff's entry of Default and Judgment.

2. Plaintiff brought this action under 28 U.S.C. §1331 as Crosby asserts violations of various federal statutes, including Section 1981, Title VII, the ADA, the ADEA, and the FMLA.

3. The Court also has supplemental jurisdiction over the claims of Plaintiff asserts under the NYSHRL under 28. U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. §1391(b) because the unlawful employment practices complained of herein occurred within the Southern District of New

York, including Plaintiff's employment location at One Stew Leonard Drive, Yonkers, New York, 10710

6   Plaintiff Crosby is a resident of the State of New York, County of Orange.

7   At all times material, defendant STEW LEONARD'S OF YONKERS, LLC ("YONKERS") was a domestic, for-profit corporation organized and existing under the laws of the State of New York, owning and operating a 120,000 square-foot grocery store located at 1 Stew Leonard's Drive, Yonkers, New York 10710, which boasts of being a farm-fresh, family friendly place to work and to shop.

8   As alleged in the Amended Complaint, this is an action for violation of the Plaintiff's rights under the ADA, wrongful termination etc.

9   Jurisdiction is conferred on this court by  under 28 U.S.C. §1331 as Crosby asserts violations of various federal statutes, including Section 1981, Title VII, the ADA, the ADEA, and the FMLA.

10   This action was commenced on June 17, 2022, with the filing of the Summons and Amended Complaint. The Summons and Amended Complaint was served on the Defendant Yonkers on June 18, 2022. The Proof of Service was filed with the Clerk of this Honorable Court on June 29, 2022.Copies of the Summons, Amended Complaint and Proof of Service are annexed hereto as Exhibit "A."

11   As alleged in the Complaint, At all times material, Plaintiff CROSBY was an employee of Defendants YONKERS and NORWALK holding the title of "Loss Prevention Manager" of the Yonkers Facility.

12   As alleged in the Complaint, Upon information and belief, at all times relevant hereto, Defendants YONKERS and NORWALK were joint employers of Plaintiff CROSBY.

The Defendants were empowered to hire, discipline, supervise, and/or terminate Plaintiff, as well as to set the terms and conditions of his employment and to promulgate work rules and assignments governing Plaintiff's employment. Day to day operations were directed from Yonkers, while policies, procedures, payroll and insurance came from Norwalk.

13  As alleged in the complaint, This claim is authorized and instituted pursuant to the provisions of  The Americans with Disabilities Act  of 1990,42 U.S.C. Sec. 1201, et. seq. for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of The ADA's prohibition against discrimination in employment based, in whole or in part, upon employee's actual or perceived disability). Since at least March, 2020 defendants have engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b) (1) and 102(b) (5) (B), 42 U.S.C. sections 12112(a), 12112(b) (1) and 12112(b) (5) (B). These practices include but are not limited to defendants' termination of Plaintiff's employment as a result of his disability and their refusal to accommodate plaintiff's COVID related and pre-existing condition request to work from home, which would have enabled Plaintiff to perform the essential functions of his job.

14  As alleged in the Complaint, Plaintiff is at all times a qualified individual with a  disability or a perceived disability, who was able to perform the essential functions of his position with or without reasonable accommodation, because of his disability and defendant's termination of plaintiff was based on plaintiff's disability.

15 As alleged in the Complaint, the effect of practices complained of above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability or perceived disability.

16 As alleged in the Complaint, the unlawful employment practices complained of above were and are intentional.

17 As alleged in the Complaint, as a direct and proximate cause of all acts of disability discrimination, plaintiff suffered and continues to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

18 As alleged in the Complaint, Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, *sex*, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to *discharge* from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

19 As alleged in the Compliant, Plaintiff had, at all relevant times, a disability as that term is defined in the NYSHRL. Plaintiff's disability did not prevent him from performing his job with a reasonable accommodation.

20 As alleged in the Complaint, By firing Defendant while he was out on medical leave and not offering him any reasonable accommodation, despite its awareness of his health

issues, Stew Leonards' has discriminated against Plaintiff on the basis of his disability, in violation of NYSHRL

21  As alleged in the Complaint, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages as a result of Stew Leonards' discriminatory practices.

22  As alleged in the Complaint, Plaintiff is at all times a qualified individual with a disability or a perceived disability, who was able to perform the essential functions of his position with or without reasonable accommodation, because of his disability and defendant's termination of plaintiff was based on plaintiff's disability

23  As alleged in the Complaint, the effect of practices complained of above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability or perceived disability

24  As alleged in the Complaint, the unlawful employment practices complained of above were and are intentional

25  As alleged in the Complaint, as a direct and proximate cause of all acts of disability discrimination, plaintiff suffered and continues to suffer the loss of income, the loss of a salary, bonuses, benefits and others compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26  As alleged in the Complaint, On or about In September 2020, Plaintiff submitted to Defendant Yonkers a request for intermittent FMLA leave and supporting medical information and certification from his treating physician which showed that Plaintiff was requesting leave for an FMLA-qualifying reason.

27  As alleged in the Complaint, by submitting these forms Plaintiff satisfied his responsibility under 29 U.S.C. § 2613(b), 29 C.F.R. § 325.301, 29 C.F.R. § 325.302, 29 C.F.R. § 325.305(c), and 29 C.F.R. § 325.306.

28  As alleged in the Complaint, the intermittent FMLA leave requested by Plaintiff was medically necessary.

29  As alleged in the Complaint, not only did Defendant's ignore Plaintiff's request for a medically necessary extension of his FMLA, they failed to honor the 80 hours of banked time Family Personal Time or PTO)  Plaintiff had accumulated and was entitled to , to then they also terminated his employment. Pursuant to 20 C.F.R. § 825.300(b)(1) Defendants were required to provide Plaintiff with notice of his eligibility under the FMLA within five days of Plaintiff's request for FMLA leave. . Defendants failed to provide Plaintiff with timely notice of his eligibility under the FMLA. . Defendants' actions prevented Plaintiff from exercising his rights under the FMLA. Defendants continued to interfere with Plaintiffs attempts to exercise his rights under the FMLA by discouraging him from seeking reimbursement for his leave.

30  As alleged in the Complaint, Defendants continue to interfere with the exercise of Plaintiff's rights under the FMLA by failing to reinstate benefits he lost during his unpaid and involuntary leave of absence. Defendants have interfered with Plaintiff's exercise of rights provided by the FMLA in violation of 29 U.S.C. § 2615(a)(1).As a result of Defendants' conduct Plaintiff has suffered damages, including, but not limited to, economic losses, in the form of lost salary, employment benefits and other compensation and loss of employment benefits.

31  As alleged in the Complaint, as a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

32  As alleged in the Complaint, Plaintiff was eligible for and entitled to FMLA leave.

33  As alleged in the Complaint, Plaintiff provided Defendants with adequate notice of his request for FMLA leave, as well as sufficient information to inform Defendants that he requested leave for a protected reason

34  As alleged in the Complaint, Plaintiff did so in accordance with the FMLA and accompanying regulations, including but not limited to 29 U.S.C. § 2613(b), 29 C.F.R. § 325.301, 29 C.F.R. § 325.302, 29 C.F.R. § 325.305(c), and 29 C.F.R. § 325.306.

35  As alleged in the Complaint, Defendants placed Plaintiff on an unpaid leave against his will to intentionally retaliate against him for exercising his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2) and failed and refused to honor the 80 hours of banked personal time off Plaintiff had accumulated and terminated him.

36  As alleged in the Complaint, as a result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to, economic losses, in the form of lost salary, employment benefits and other compensation and loss of employment benefits.

37  As alleged in the Complaint, as a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action

38  As alleged in the Complaint, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to ... discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has

made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39  As alleged in the Compliant, Defendants engaged in unlawful employment practice prohibited by <u>42 U.S.C. § 2000e et seq.</u> by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants by firing him.

40  As alleged in the Complaint, The New York State Executive Law makes it unlawful to retaliate against an employee in the terms, conditions or privileges of employment on the basis of a complaint of discrimination based upon a disability.

41  As alleged in the Compliant, The Executive Law makes it unlawful for a resident person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

42  As alleged in the Complaint, Defendants engaged in unlawful employment practice prohibited by New York State Executive Law by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants by firing him.

43  As alleged in the Complaint, as a direct and proximate cause of all acts of unlawful retaliation based upon disability discrimination, plaintiff suffered damages

44  As alleged in the Complaint, This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against

discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment) in creating a hostile work environment

45  As alleged in the Complaint, Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff (sexual harassment) by creating a hostile work environment to which Plaintiff was opposed.

46  As alleged in the Complaint, Section 296 of the New York Executive Law prohibits sexual harassment, abuse and a hostile work environment.

47  As alleged in the Complaint, New York state Executive law Section 296 makes it an unlawful discriminatory practice for an employer, because of an individual's gender…. To discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

48  As alleged in the complaint, a hostile work environment is a workplace so ridden with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive work environment.

49  As alleged in the Compliant, the environment at LEONARD'S YONKERS was such that a reasonable employee in Plaintiffs' shoes would perceive it as hostile.

50  As alleged in the Complaint, as a direct result of this hostile work environment, Plaintiffs suffered injury and harm in an amount to be determined at trial, and request a judgment in no event less than $500,000 in compensatory damages; the costs and disbursements of this action; all relevant interest; and any such other relief to Plaintiffs as this Court deems just and proper

51  As alleged in the Complaint, This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et

seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religious affiliation in creating a hostile work environment.

52  As alleged in the Compliant, Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff by creating a hostile work environment based on religious discrimination to which Plaintiff was opposed.

53  As alleged in the Complaint, New York state Executive law Section 296 makes it an unlawful discriminatory practice for an employer, because of an individual's creed…. To discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

54  As alleged in the Complaint, a hostile work environment is a workplace so ridden with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive work environment.

55  As alleged in the Complaint the environment at LEONARD'S YONKERS was such that a reasonable employee in Plaintiffs' shoes would perceive it as hostile. As a direct result of this hostile work environment, Plaintiffs suffered injury and harm in an amount to be determined at trial and compensatory damages in the sum of $10,000,000. (Ten Milllion Dollars) the costs and disbursements of this action; all relevant interest; and any such other relief to Plaintiffs as this Court deems just and proper.

56  As alleged in the Complaint, This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et

seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religious affiliation in creating a hostile work environment.

57  As alleged in the Complaint, Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff by creating a hostile work environment based on religious discrimination to which Plaintiff opposed.

58  As alleged in the Complaint, New York state Executive law Section 296 makes it an unlawful discriminatory practice for an employer, because of an individual's race…. To discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

59  As alleged in the Complaint, hostile work environment is a workplace so ridden with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive work environment.

60  As alleged in the Complaint the environment at LEONARD'S YONKERS was such that a reasonable employee in Plaintiffs' shoes would perceive it as hostile.

61  As alleged in the Complaint, as a direct result of this hostile work environment, Plaintiffs suffered injury and harm in an amount to be determined at trial and request a judgment in compensatory damages of $10,000,000 (Ten Million Dollars) the costs and disbursements of this action; all relevant interest; and any such other relief to Plaintiffs as this Court deems just and proper.

62  As alleged in the Complaint At all relevant times herein, Plaintiff was an "employee" under the ADEA, 29 U.S.C Section 630(f).

63  As alleged in the Complaint Defendants YONKERS is an Employer under the ADEA, 29 U.S.C Section 630 (b).

64  As alleged in the Complaint, by Defendants actions detailed above, including but not limited to the termination of Plaintiff's employment, Defendants have unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

65  As alleged in the Complaint, as a result of Defendants' discrimination, Plaintiff has suffered substantial damages, amount to be determined at trial.

66  As alleged in the Complaint, Defendants' conduct was willful, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C Section 636(b)

67  As alleged the Complaint At all relevant times, Plaintiff was an "employee" for purposes of Section 292 of the New York State Human Rights Law.

68  As alleged in the Complaint, Defendant Yonkers is an employer " for purposes of Section 292 (5) of the New York State Human Rights Law.

69  As alleged in the Complaint, by its actions detailed above, including but not limited to the termination of Plaintiff's employment, Defendants unlawfully discriminated against Plaintiff on the basis of his age in violation of Section 296 (1) of the New York State Human Rights Law.

70  As alleged in the Compliant, as a result of Defendants' discrimination, Plaintiff has suffered substantial damages, including but not limited to mental and emotional distress and lost wages and benefits in an amount to be determined at trial.

71  As alleged in the Complaint, For the entire year in 2020, Plaintiff has accrued eighty hours (80) of paid time off (i.e., PTO)

72  As alleged in the Complaint, upon information and belief, the value of Plaintiff's PTO is Three Thousand, Three Hundred, Sixty-Three Dollars and Fifty-Six Cents ($3,363.53) , which is the product of his approximate hourly pay rate multiplied by the number of hours of PTO he has accumulated.

73  As alleged in the Complaint, upon information and belief, pursuant to NYLL §§ 190 and 198-c, Plaintiff's unused vacation time is defined as wages.

74  .As alleged in the Complaint, despite Plaintiff's request to Defendants to be paid the value of his PTO Defendant has refused.

75  As alleged in the Complaint, Plaintiff is entitled to an award equal to the amount of his unreimbursed expenses in an amount to be determined by the Court, but no less than is three thousand three hundred sixty-three dollars and fifty-six ($3,363.56), liquidated damages pursuant to NYLL § 663, the costs of this action and his attorneys' fees.

76  As alleged in the Complaint, Defendant has failed to answer or appear or otherwise respond to Plaintiff's Summons and Amended complaint.

77  A party's default is deemed to constitute an admission of all the well-pleaded allegations in the Complaint pertaining to liability See Greyhound Exhibitgroup, Inc. v E.LU.L.Realty Corp. 973 F 2d. 155, 158 (2d. Cir. 1992) Montcalm Pub Corp.v Ryan 807 F Supp 975, 977, (S.D.N.Y 1992) Trans World Airlines v Hughes, 449 F.2d. 51,69 (2d Cir. 1971)

WHEREFORE, Plaintiff requests the entry of Default and the Entry of Judgment for damages against Defendant Stew Leonard's of Yonkers, LLC in the sum of $10,000,000.00 (Ten Million Dollars)

Dated: Croton on Hudson, NY
July 12, 2022

*Karen Mizrahi, Esq.*

HERTZ LEGAL, P.C.
Attorneys for the Plaintiff
503 Half Moon Bay Drive
Croton on Hudson, NY 10520
(914) 393 6971
karen@hertzlegal.com
KM1730