## Law Offices of Loraine Cortese-Costa

36 Main Street
#633
Old Saybrook, CT  06475
Tel. (203) 683-6035 Fax (203) 683-5901
Loraine@CorteseCostaLaw.com

July 12, 2022

**VIA ECF and Email**

Karen Misrahi Hertz
Hertz Legal
503 Half Moon Bay Drive
Croton on Hudson, NY  10520
karen@hertzlegal.com

   Re: **Robert Crosby v. Stew Leonard's**
      **Yonkers, LLC et al.**
      **SDNY *Index No.:* 22-cv-04907 (KMK)**

Dear Ms. Hertz:

We represent defendants Stew Leonard's Yonkers, LLC ("Yonkers") and Stew Leonard, Jr. (collectively "Defendants") in the above-referenced matter.  We write pursuant to section II(A) of Judge Karas' Individual Rules of Practice in advance of Defendants' anticipated Fed. R. Civ. P. 12(b)(5) and (6) motion to dismiss as set forth below.  While a motion to dismiss requires the consideration of the allegations of a complaint as if they were true, nothing in this letter should be interpreted as agreement by Defendants that any of them are true.

### *Service of Process*

Attempted service upon Defendant Yonkers, an LLC, in New York appears to have consisted of dropping off the summons and complaint with an employee of the grocery store operated in Yonkers.  This fails to comply with any method of service prescribed for service of process on an LLC under FRCP Rule 4.

Attempted service upon Defendant Stew Leonard, Jr. appears to have consisted solely of leaving the summons and complaint with a Secretary at his place of business in Connecticut.  This fails to comply with any method of service prescribed for service of process upon an individual under FRCP Rule 4.

### *Failure to State a Claim*

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible

set of facts sufficient 'to raise a right to relief above the speculative level.'" *See Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). "[M]ere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level." *Arista Records, LLC v. Does 3,* 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

The Complaint alleges Plaintiff was on leave due to illness, including FMLA leave, from April until July 22, 2020; from August 13 until August 31, 2020; and from September 5 until September 28, 2020, approximately twenty-two (22) weeks, after which time he was told his employment was terminated for exhaustion of protected leave. It further alleges that, throughout his lengthy absence, Defendant Yonkers was anxious for him to return to work. The Complaint appears to attempt claims under the Americans with Disabilities Act ("ADA"); Title VII of the Civil Rights Act ("Title VII"); the Age Discrimination in Employment Act ("ADEA"); the federal Family and Medical Leave Act ("FMLA"); the New York State Human Rights Law ("NYSHRL") and the New York Labor Law, sections 190 and 198-c.

### A.     Discrimination Counts

To state a claim for discrimination sufficient to survive a motion to dismiss, the Complaint must provide some factual basis for a finding that an adverse employment action was motivated by Plaintiff's membership in a protected class. *Boncoeur v. Haverstraw-Stony Point Central School District,* 2022 WL 845770 (SDNY 2022). For age discrimination claims, there must be some basis for a finding that age was the but-for reason for the alleged discriminatory actions. *Lively v. WAFRA Investment Advisory Group*, 6 F.4th 293 (2d Cir. 2021). With respect to these standards, the federal courts have applied the same analysis to NYSHRL claims as to those brought under the federal anti-discrimination laws. *Panchishak v. County of Rockland*, 2021 WL 4429840 (SDNY 2021)(Title VII analysis applies to comparable claims under NYSHRL); *Marcus v. Leviton Manufacturing Company,* 661 Fed.Appx. 29 (2d Cir. 2016)(Summary Order)( ADEA standard applicable to age discrimination claim under the NYSHRL).

The Complaint alleges no facts to suggest that Plaintiff was treated differently from any other employee that exhausted his/her protected leave rights. Specifically, it alleges no basis for a finding that his alleged disability/perceived disability or age was a motivating or but-for factor in the termination of his employment. Indeed, it specifically alleges that Defendant Yonkers was eager for Plaintiff to return to work. It therefore fails to plead a claim upon which relief may be granted for disability or age discrimination. *Twombly, supra; Arista Records, supra.*

With respect to reasonable accommodation, the only alleged request for accommodation identified is one claimed to have been made for an unspecified additional leave on September 5, 2020, which is denied, after Plaintiff had already been out of work for twenty-two weeks from April through September of 2020. Even if true, and it is not, the Complaint fails to sufficiently state a claim for denial of a reasonable accommodation. An indefinite leave of absence is not a reasonable accommodation. *Stamey v. NYP Holdings, Inc*., 358 F.Supp.2d 317, 324 (S.D.N.Y.2005) (*citing Mitchell v. Washingtonville Cent. Sch. Dist*., 190 F.3d 1, 9 (2d Cir.1999)).

### B. FMLA Counts

The FMLA provides that an eligible employee shall be entitled to a total of twelve (12) workweeks of leave during any 12-month period. The Complaint establishes that Plaintiff's leave, including FMLA leave, was around twenty-two (22) weeks from April through September 2020. This exceeds FMLA entitlement. The vague allegations as to alleged "banked" time Plaintiff claims to have had do not serve to increase the FMLA twelve (12) week entitlement or render it actionable under the FMLA.

Further, as with the other discrimination counts, *see, supra,* there is nothing in the Complaint to suggest that the termination of Plaintiff's employment some two and a half months after his FMLA was exhausted had anything to do with his exercise of rights under the FMLA; and the Complaint's allegations as to Defendant Yonkers' desire that he return negates such an inference. *O'Reilly v. Consol. Edison Co. of New York, Inc.*, 374 F.Supp.2d 278 (E.D.N.Y.2005), *aff'd*, 173 Fed.Appx. 20 (2d Cir.2006).

With respect to the FMLA retaliation claim, the FMLA prohibits retaliation against any individual for opposing any practice made unlawful by the statute. There is no allegation that Plaintiff engaged in such opposition or, as is the case with the Title VII and NYSHRL retaliation counts, *see below,* nothing to suggest that the termination of his employment was tied to any such opposition.

The FMLA Counts fail to state a claim upon which relief may be granted.

### C. Retaliation Counts

In order to establish retaliation under Title VII or the NYSHRL, the Complaint must provide a basis for a finding that: (1) the plaintiff participated in a protected activity; (2) the employer was aware of the participation in the protected activity; (3) the plaintiff suffered an adverse employment action; and (4) the protected activity was the "but-for" cause of the retaliation. *University of Texas Southwestern Medical Center v. Nassar,* 570 U.S. 338, 342-43 (2013); *Lively v. WAFRA Investment Advisory Group,* 6 F.4th 293 (2d Cir. 2021); *Panchishak v. County of Rockland,* 2021 WL 4429840 (SDNY 2021); *Smith v. NY Presbyterian Hospital*, 440 F.Supp.3d 303 (SDNY 2020).

The Complaint alleges that Plaintiff brought objectionable comments he found offensive to the attention of Defendant Yonkers' Human Resources personnel at some unidentified time and that, in 2011, he began to be excluded from management-wide emails. Even if whatever he claims happened in 2011 did happen and could be considered an adverse employment action, both of which are denied, it would be barred by the applicable limitations periods under Title VII and NYSHRL, which are three hundred (300) days and three (3) years respectively, *Panchishak, supra*; Plaintiff alleges he filed a Charge with the EEOC on June 1, 2021, limiting his actionable claims to those after September 4, 2020. Moreover, there is nothing in the Complaint to suggest any connection whatever, nevertheless the required but-for causation, between the termination of his employment and any prior protected activity by Plaintiff. *Id.* The retaliation counts therefore fail to state a claim under Title VII or the NYSHRL.

3

### D. Hostile Working Environment Counts

Counts Seven through Twelve of the Complaint, captioned as hostile working environment claims based upon gender, religion and race respectively, under both Title VII and the NYSHRL, also fail.

In *Panchishak, supra,* **3-4, motions to dismiss hostile working environment claims were granted because:

> "In order to establish a hostile work environment claim under Title VII, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (quotation marks omitted) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010)). A plaintiff must demonstrate that he was subjected to the hostility because of his membership in a protected class. *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999). In general, the actions taken by the defendant "must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)).
> 
> ***
> 
> When determining whether an objectively hostile work environment exists, courts must consider the totality of the circumstances, including the frequency, severity, and offensiveness of the allegedly discriminatory conduct, whether the conduct was physically threatening or humiliating, and whether the conduct unreasonably interfered with an employee's work performance. See *Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004).… But an "environment which is equally harsh for both men and women [or for all races] ... does not constitute a hostile working environment" under Title VII. *Brennan*, 193 F.3d at 318….

The Complaint's slanderous allegations as to comments and conduct allegedly giving rise to a hostile work environment made unlawful by Title VII and NYSHRL, all of which are vociferously denied, in no way suggest that any of the claimed and denied conduct was directed towards Plaintiff because of *his* membership in a protected class or "that he was subjected to the hostility because of his membership in a protected class." *See id.* at *5 (collecting cases). The Complaint alleges that Plaintiff is a white male and nowhere alleges what his religion is.

Further, the denied conduct, as alleged, could not be considered continuous, concerted, pervasive or severe; according to the Complaint, it allegedly occurred over a twenty year period[1] and, throughout that time, had no claimed effect on Plaintiff's job performance. The Complaint fails to state a cognizable claim of hostile working environment under Title VII or the NYSHRL on any of the

---

[1] The Counts are also time-barred because most of those that are dated all fall well outside the 300 day statutory period for filing a charge with the EEOC and many fall outside the three year limitations period for the NYSHRL claims. No timely actionable violation has been made out and the timely alleged incidents are not "sufficiently related" to the incidents within the limitations period to allow them to be considered. *See Panchishak,* 2021 WL 4429840 *5.

bases alleged. *Id.*

### E. NY Labor Law Section 198-c Claim

While the Complaint apparently seeks payment for the vague "banked time" cited therein in view of the termination of his employment, there is no private right of action under section 198-c of the New York Labor Law for such a remedy. *Chan v. Big Geyser, Inc.,* 2018 WL 4168967 (SDNY 2018). Moreover, the Complaint fails to plead the existence of an agreement to pay such benefits upon termination of employment as required to state a claim for such a payment. *Id.*

*Conclusion*

The Complaint was served improperly and fails to state any claim upon which relief may be granted. We look forward to your response.

Very Truly Yours,

*Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa

cc: **Via ECF and Regular Mail**

Hon. Kenneth M. Karas
United States District Judge
Southern District of NY
300 Quarropas Street
White Plains, NY 10601