# Law Offices of Loraine Cortese-Costa

36 Main Street
#633
Old Saybrook, CT  06475
Tel. (203) 683-6035 Fax (203) 683-5901
Loraine@CorteseCostaLaw.com

August 26, 2022

**VIA ECF and Email**

Karen Misrahi Hertz
Hertz Legal
503 Half Moon Bay Drive
Croton on Hudson, NY  10520
karen@hertzlegal.com

      Re:    **Robert Crosby v. Stew Leonard's Yonkers, LLC et al.**
             **SDNY *Index No.:* 22-cv-04907 (KMK)**

Dear Ms. Hertz:

We have received a copy of the Second Amended Complaint in the captioned matter.  While it eliminates the age discrimination and hostile work environment claims, adds a series of allegations regarding an alleged failure to provide a reasonable accommodation in July of 2020 and adds a claim under N. Y. Lab. L. §740 ("section 740"), it remains subject to a motion to dismiss for many of the reasons identified in my initial pre-motion letter as well as additional reasons based on its new allegations and claims.

    I.    **Service**

Attempted service upon Stew Leonard's Yonkers, LLC has not been effected.

    II.    **Effect of Claim Asserted Under section 740**

The amendments to section 740, enacted on October 28, 2021, with an effective date of January 26, 2022, are not retroactive. *See* 2021 S.B. 4394, 244th Leg. Sess. § 3.  Thus, the terms of the amendments, including the extension of the statute of limitations from one year to two and the changes to its election of remedies waiver provisions (N.Y. Lab. L. §740(7)), do not apply to Mr. Crosby's claims which must be interpreted under the law as it existed when the claims accrued, *i.e.*, September 28, 2020 and prior. *Regina Metropolitan Co. v. New York State Division of Housing,* N.Y.3d 332 (2020). Under those provisions, the claims are time-barred and also subject to the waiver provisions, *Reddington v. Staten Island University Hospital*, 11 N.Y.3d 80, 87-88 (2008), effectively eliminating the right to bring any of the other claims asserted in the Second Amended

Complaint.

III. **Failure to State a Claim**

To the extent any of the other claims set forth in the Second Amended Complaint remain viable after the making of a section 740 claim in this action, they remain subject to dismissal under Rule 12(b)(6).

### A. Discrimination Counts

While the Second Amended Complaint eliminates the discrimination claims except as to disability, the disability claim remains subject to dismissal for the same reasons stated in my initial pre-motion letter. The same is true with respect to the failure to accommodate claim. While the Second Amended Complaint adds allegations as to an alleged failure to accommodate in July of 2020, paragraphs 69-70 of the Second Amended Complaint indicate, and incorporate by reference, Plaintiff's medical clearance without restriction provided to Stew Leonard's at that time, thus defeating any assertion that an accommodation was then required.

### B. FMLA Counts

The deficiencies in the FMLA Counts, as set forth in my initial pre-motion letter, have not been remedied by the Second Amended Complaint.

### C. Retaliation Counts

The retaliation counts, both those in the original complaint, and those converted from discrimination/hostile working environment to retaliation claims in the Second Amended Complaint, are deficient for the reasons set forth in my initial pre-motion letter.

### D. Hostile Working Environment Counts

It appears these have all been withdrawn.

### E. NY Labor Law Section 198-c Claim

The deficiencies in this Count, as set forth in my initial pre-motion letter, have not been remedied by the Second Amended Complaint.

For these reasons, it remains our position that a motion to dismiss all counts at this time would be appropriate.

Very Truly Yours,

*Loraine M. Cortese-Costa*

Loraine M. Cortese-Costa

cc: Judge Karas (via ECF and regular mail)