HERTZ LEGAL, P.C.
503 HALF MOON BAY DRIVE
CROTON ON HUDSON, NY 10520
(914) 393.6971

June 4, 2024

Honorable Magistrate Andrew Krause
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Regarding:    <u>Robert Crosby, Jr. v Stew Leonard's Yonkers, LLC, et. al</u>.
              <u>22-cv-4907(KMK) (AEK)</u>

Dear Magistrate Krause,

We represent the Plaintiff in the above matter and submit this dispute regarding Defendant's designation of all documents produced as "Confidential" under the applicable Confidentiality Stipulation and Protective Order ("Protective Order") (Ex. A; Dkt. No. **29**)

I.     <u>Plaintiff's Position</u>

The issue currently before the Court is facially limited to the issue of whether all of the documents produced by Defendants were properly designated "Confidential" under the Protective Order

    A.    **Second Circuit Standard Governing the Disclosure of "Confidential" Documents**

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F.Supp.2d 417, 420 (S.D.N.Y. 2007) (citation omitted):

First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access. Second, if the documents are judicial documents, the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason[,] or whether the presumption is somewhere in between. Third, once the weight of the presumption is determined, a court must balance competing considerations against it. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure. *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *3 (E.D.N.Y. July 7, 2020) (citation omitted).

In determining whether documents should be disclosed to the public, a "'judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need' for sealing." *Alcon*, 2020 WL 3791865, at *4 (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). Finally, a stipulated protective order does not determine whether or not material is properly classified as "confidential." *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *9 (E.D.N.Y. July 7, 2020) ("A stipulated protective order is a temporary measure that merely postpones the need for the party resisting disclosure to make a showing of good cause.").

B.      **Standards Governing whether Party has "Good Cause" to Designate Material as Confidential**

When a producing party's designation of documents as "confidential" pursuant to a protective order is challenged, "[t]he burden of showing that specific documents deserve confidential status is on the producing party." *Ideal Steel Supply Corp. v. Anza*, No. 02 CIV. 4788RMBAJP, 2005 WL 1213848, at *2 (S.D.N.Y. May 23, 2005), *report and recommendation adopted*, No. 02CIV.4788(RMB)(AJP), 2005 WL 1644300 (S.D.N.Y. July 12, 2005). Under this standard, the producing party is tasked with demonstrating that there is good cause under Federal Rule of Civil Procedure 26(c) to withhold the documents from the public record. *See In re Auction Houses Antitrust Litig.*, No. 00 CIV. 0648 (LAK), 2001 WL 690042 at *2 (S.D.N.Y. June 19, 2001). Good cause generally exists where "a party shows that disclosure will result in a clearly defined, specific and serious injury." *Lazare Kaplan Int'l, Inc. v. KBC Bank N.V.*, No. 1:11-CV-09490 (ALC), 2016 WL 4154274, at *5 (S.D.N.Y. July 22, 2016). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Kent v. The New York State Pub. Emps. Fed'n, AFL-CIO*, No. 117CV268GTSCFH, 2019 WL 457544, at *1 (N.D.N.Y. Feb. 5, 2019). Instead, "[a] party…[must set] forth 'particular and specific facts'" to satisfy its burden of establishing good cause. *Id*. (quoting *Sharpe v. Cty. of Nassau*, No. 15-6446 (ADS) (AYS), 2016 WL 7350690, at *4 (E.D.N.Y. Dec. 19, 2016)).

If the producing party's chief concern is mere embarrassment, he must demonstrate that the embarrassment would be "particularly serious," as the "release of information not intended by the writer to be for public consumption will almost always have *some* tendency to embarrass." *Application of Akron Beacon J.*, No. 94 CIV. 1402 (CSH), 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995) (emphasis added) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121

3d Cir.1986)); *see also United States v. Martoma*, No. S1 12 CR 973 PGG, 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014) ("'The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access,' of course.") (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir.1998)); *Ideal Steel Supply*, 2005 WL 1213848, at *3 (finding embarrassment is not a basis for documents to be deemed "confidential" under Rule 26).

### C.  Defendant's Lack Good Cause to Designate Material as Confidential

Defendant's simply cannot meet the required burden to withhold public access to the documents in question and cannot articulate any clearly defined, specific, or serious injury that would occur as result of these documents being released nor any specific facts that would establish good cause as to why all documents produced should be deemed "Confidential."

At best, Defendant may argue that the release of these documents would cause them embarrassment or hurt their chances of success at trial; however, as established, neither of these reasons is sufficient to warrant a finding of good cause under Rule 26(c) and this Court's precedent.

The designation of all documents produced as "Confidential" would also create severe logistical complications for the Parties and this Court. *See, e.g.*, *In re Ullico Inc., Litig.*, 237 F.R.D. 314, 318 (D.D.C. July 11, 2006) ("The improper designation of thousands of documents as "confidential" would create unnecessary logistical restraints on Counterclaim Defendants; filing these documents with the court, including their inability to use the ECF system and having to file all of these documents under seal."). More importantly, Plaintiff and Defendants would be

required to unnecessarily redact large portions of their court filings and to file numerous documents under seal, which would infringe upon the presumptive right of public access to judicial documents. *See United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) ("Transparency is pivotal to public perception of the judiciary's legitimacy and independence . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.") (quotation and citation omitted); *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) ("Sealing documents filed with a court implicates [the] common law and [ ] qualified First Amendment right of access to such documents.").

Plaintiff does not deny that *some* of the documents produced may reference confidential client information and may therefore appropriately be designated "Confidential" or redacted accordingly. However, it is Defendants' obligation to specifically identify those messages for which they have a good faith basis for designating as Confidential and not simply make a blanket confidentiality designation for all documents produced. *See In re Unseal Civ. Discovery Materials*, No. 19-MC-00179 (SN), 2021 WL 1164272, at *3 (S.D.N.Y. Mar. 24, 2021) (protective orders that constitute "blanket order[s]" are disfavored); *Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (imposing a short deadline for a party to reclassify its document production as a result of its over-designation of documents as "Highly Confidential").

### D. Conclusion

Accordingly, Plaintiff respectfully submits this challenge to Defendants' designation of all documents produced as "Confidential" pursuant to Rule 26(c) and the Parties' Protective Order.

Plaintiff requests that this Court order Defendants to show cause as to why the documents marked as "Confidential" should be withheld from the public record.

Finally, Plaintiff request that prior to ruling on this challenge, this Court conduct an *in camera* review of the documents marked as "Confidential."

Respectfully submitted,


*Karen Mizrahi Hertz, Esq.*